ESTATE OF MORGAN: WOOTTON, Appellant.

*January 8—January 28, 1913.*

*Executors and administrators: Accounts: Payment of claims not
presented: Debts due executor from decedent: Good faith: Jus-
tice of claims.*

1. The provision in sec. 3930*a*, Stats., for the allowance to an ex-
   ecutor or administrator, upon his final accounting, of just debts
   paid by him in good faith without their having been first pre-
   sented to and approved by the county court, applies to debts
   due to the executor or administrator personally as well as to
   those due to third persons.
2. Where an executor was indebted to his testatrix upon a prom-
   issory note, and also had a claim against her for house rent
   and for moneys paid for her benefit, the actual crediting and
   indorsement of such claim upon his note, before the time for
   presenting claims had expired, was a payment of the claim
   within the meaning of the statute.

3. The fact that the claim was so paid instead of being presented for allowance in the regular way did not establish bad faith, as being a transaction by a trustee dealing with himself, since the whole matter is subject to examination and the justice of the claim is to be determined by the county court upon the final accounting.

4. The evidence in this case is *held* to sustain the validity and justice of the claim in dispute, as paid by the executor and included in his final account.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Modified and affirmed.*

The appellant, *Frank M. Wootton,* is executor of the estate of Addie B. Morgan, and son of Mr. and Mrs. Robert Wootton, Mrs. Wootton being a sister of Addie B. Morgan. Mrs. M. A. B. Jones was also a sister of Addie B. Morgan. Robert Wootton died in 1896, Mrs. Robert Wootton in 1905, Addie B. Morgan in 1909, and Mrs. M. A. B. Jones in 1910. From the time of the death of Robert Wootton Miss Morgan lived with her sister, Mrs. Robert Wootton, and during a part of the time Mrs. Jones also lived with Mrs. Wootton. From the time of the death of Mrs. Wootton in November, 1905, to February, 1909, Miss Morgan, the deceased, and Mrs. Jones resided together in the Wootton homestead and were taken care of by one Anna Hinrichs, both being in feeble health. Addie B. Morgan, deceased, made a will giving to Anna Hinrichs $200 and dividing the balance of her estate between her sister, M. A. B. Jones, and her brother, *Frank H. Morgan,* and appointed the appellant her executor. The appellant had also been the executor of the will of his father, Robert Wootton, and later was the administrator of his mother and executor of the wills of his aunts, Miss Morgan and Mrs. Jones, and at the time of trial of this action in circuit court the estates of the executor's mother and Mrs. Jones had not been fully probated.

The estate of Addie B. Morgan, deceased, consisted of per-

sonal property, one item of which was a note from appellant payable to the order of deceased for $1,365.02, which was inventoried as cash.   The appellant charged deceased and Mrs. M. A. B. Jones with rent of the homestead, also certain fuel bills, telephone service, and for services of Anna Hinrichs, aggregating $975, which amount he credited himself with upon the note in his possession belonging to deceased before the time for presenting claims against the estate had expired, which amounts were brought before the county court and first allowed in a contest on these items at $975, and afterwards in settling the account of appellant were reduced to $743.78, and allowed at said sum against the estate of deceased.   On appeal to the circuit court this allowance was reduced to the sum of $83, from which judgment of the circuit court this appeal was taken.

*Rufus B. Smith,* for the appellant.

For the respondent, *Frank H. Morgan,* there was a brief by *Buell & Lucas,* and oral argument by *F. W. Lucas.*

KERWIN, J.   The contention here is whether the court below erred in allowing the claim of appellant at $83 instead of $743.78, as allowed by the county court.   The claim is made up of the following items: one fourth of rental value of homestead, $243.75; one half of fuel bill, $179.13; one half of telephone bill, $21.40; one half of Anna Hinrichs's bill for services, $299.50.   The contention of the appellant is that these several items were paid by him for Addie B. Morgan, deceased, and that he is entitled to be allowed therefor in his final account as executor of her estate.   The evidence establishes that appellant and others owned the Wootton homestead and that it was occupied by deceased, Addie B. Morgan, and her sister, Mrs. Jones, from the time of the death of Mrs. Wootton in November, 1905, until February, 1909, and that the amount of the appellant's share of the rent for such period was $243.75; that appellant paid the other items above speci-

fied for the use and benefit of deceased, and took credit to himself for all of said items and indorsed such credit upon the note of deceased in his possession, made by him and payable to the order of deceased, heretofore referred to in the statement of facts; that such credit was indorsed upon the note before the time for filing claims against the estate of Addie B. Morgan, deceased, had expired.

Sec. 3930a, Stats., provides: "In all cases where an executor or administrator shall or may have paid in good faith any debts or claims against the estate which he represents, without the same having been duly filed, approved or allowed as required by law and his final account has not yet been settled, such payment may be allowed by the court having jurisdiction of the matter, upon proof satisfactory to said court, that said debts or claims were just and existing demands against said estate at the time of payment and were paid within the time limited by law for the presentation of claims. Provided, that the notice of the application for the allowance of such final account shall state that application will be made for such allowance and such notice shall be served personally or by mail upon all heirs or legatees who are of age and upon the guardian *ad litem* of all minors or incompetent persons interested in such estate at least twenty days before the day of hearing. Provided, that no payments shall be allowed except on a *pro rata* basis with other claims when the estate is insolvent."

It is strenuously insisted by counsel for respondent that this statute does not apply to the instant case. It is said that under this section an executor must show (1) that a claim has been actually paid; (2) that he paid the claim while acting in his capacity as executor; (3) that the claim at the time of its payment was a valid claim against the estate; (4) that the claim was paid within the time limited for presenting claims against the estate; and (5) that he acted in good faith. And counsel further argues that sec. 3930a should be construed with reference to sec. 3844 as amended by ch. 169, Laws of 1907, which provides that unless a claim be presented to the

court for allowance within the time limited for filing claims it shall be barred.

It is obvious that sec. 3930a was passed for the protection of executors and administrators, while acting as such, who had paid in good faith valid claims or debts against estates before the time allowed for filing claims had expired and before such claims had been filed. The first question presented in this case is whether a claim or debt of the appellant against the estate of Addie B. Morgan, deceased, falls within the contemplation of the statute. The language of the statute is broad and covers all "debts or claims against the estate" which the executor represents. A valid debt or claim which the executor had against the deceased and subsisting as such at the time of her death is clearly a debt or claim against her estate, therefore comes within the provisions of the statute.

The next question is whether the executor, appellant, paid the claims in question. The evidence establishes that all the claims included in the $743.78 item and allowed by the county court, except the amount due appellant for rent of the homestead, were paid by him for the use and benefit of deceased and credited by him upon his note to deceased; and that appellant also credited to himself upon his note to deceased the amount due for rent of the homestead, all before the time had expired for presenting claims against the estate of deceased. The court is therefore of the opinion that the crediting upon the note of the several items aggregating $743.78 amounted to a payment of these claims within the meaning of the statute, when such claims were valid claims against the estate, paid in good faith, before the final account of the executor had been settled and before the time for presenting claims had expired, subject to proof satisfactory to the court in accordance with the provisions of sec. 3930a, before referred to. It will be seen that the allowance of such payments is safely guarded by the county court under the provisions of the statute. The county court in the instant case

held that $743.78 had been paid by the appellant in accordance with the terms of the statute and that appellant was entitled to credit therefor in his final account as executor of the estate of Addie B. Morgan, deceased.

Point is made by respondent on the sufficiency of the proof, as to payment of the items claimed to have been paid by appellant, whether such claims were valid claims against the estate, whether payment is shown within the statutory period for presenting claims, and whether the payments were made in good faith. The court below did not make specific findings upon these questions, and from the findings and opinion of the circuit judge it is quite obvious that he disallowed the claim of the appellant, except $83, on the ground that the appellant could not recover under sec. 3930$a$ for moneys paid by him for the use and benefit of deceased during her lifetime, nor for the amount due from her to him for use and occupation of the homestead, and that the statute only applied to cases of payments made by the executor or administrator to third parties, and not to payments of claims due from deceased to the executor or administrator.

An examination of the evidence fully convinces us that it is ample to support findings against the respondent upon all the questions of fact suggested by respondent as not supported. On the items, bill of Anna Hinrichs, fuel bill, and telephone bill, there is no substantial dispute but that these bills were paid by appellant. On the bill for rent of homestead some evidence was offered of alleged admissions of appellant, but they are not sufficient to overcome the proof made by appellant.

The evidence also establishes that indorsements of the amounts due appellant were made upon the note of deceased before the time for filing claims against her estate had expired. Nor do we think the claim of respondent that the appellant did not act in good faith is supported by the evidence. This contention is based (1) on the claim that the

appellant unduly delayed settlement of the estate of deceased. But the alleged delay is sufficiently explained by the appellant. (2) It is contended that the failure of appellant to file his claim in the regular way was evidence of bad faith by a trustee in dealing with himself in such a matter.

If the credit taken by the trustee closed the transaction there would be force in this contention; but the matter was subject to examination by the county court on settlement of the appellant's account.

Upon the record the court is of opinion that the appellant should be allowed $743.78 instead of $83, allowed by the court below, and the judgment should therefore be modified accordingly.

*By the Court.*—The judgment of the court below is modified by awarding the appellant $743.78 credit in his final account in accordance with this opinion, and as so modified is affirmed as of the date of the judgment. The appellant is entitled to costs in this court.

Winslow, C. J., dissents.